RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 5 / 13 / 13

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| FLOYD HAMILTON, ET AL | 1:13-cv-00041 |
| VERSUS | |
| | JUDGE DEE D. DRELL |
| SHIVANI NEGI, M.D., ET Al. | MAGISTRATE JUDGE JAMES D KIRK |

### REPORT AND RECOMMENDATION

Before the court are three motions: plaintiffs' motion to remand (Doc. 6), a motion to dismiss Shivani Negi, M.D. ("Negi"), an improper party, and substitute the United States as the proper party (Doc. 9), and a motion to dismiss claims against the Commonwealth of Virginia ("the Commonwealth", William Harp ("Harp") and Ola Powers ("Powers") (Doc. 13). All motions are currently before me for report and recommendation.

### Background

On November 26, 2012, plaintiffs, Floyd Hamilton III, individually and on behalf of the Estate of Floyd Hamilton II, Rogetta Odhams, individually and on behalf of the Estate of Barbara A. Levine, Jessie Gray, Ruth Johnson, individually and on behalf of the Estate of Clinton C. Johnson and Jessie Lee Wade, individually and on behalf of her son, Michael J. Sampson, filed a "Petition for Wrongful Death and Survival Damages and Request for Medical Records Under LRS 40:1299.96" in the Ninth Judicial District Court for the

Parish of Rapides, State of Louisiana bearing case number 246,073. Named as defendants are Negi, the Commonwealth, Harp and Powers.

On January 8, 2013, the United States, on behalf of Shivani Negi, M.D. ("Negi") removed the matter pursuant to 28 U.S.C. §1442(a)(1) contending it was an action against the United States or an officer of the United States.

Plaintiffs filed a motion to remand on February 7, 2013 alleging removal was improper as claims for fraud were asserted against Negi in her individual capacity and the defendants' wrongful conduct occurred prior to Negi's employment with the Department of Veteran Affairs.

On February 11, 2013, the United States filed a motion to dismiss Negi and substitute the United States as a proper party. In the motion, the government contends Negi, an employee of the United States of America, Department of Veterans Affairs, was in the course and scope of her employment at all times relevant to the acts complained of in the petition for damages. In support, the government provided a certification of scope of employment signed by Stephanie A. Finley, United States Attorney for the Western District of Louisiana (Doc. 9-3). Thereafter, the government filed a memorandum in opposition to the motion to remand (Doc. 10) citing the reasons set forth in the motion to substitute.

On February 27, 2013, the Commonwealth, Harp and Powers filed the motion to dismiss for lack of personal jurisdiction, sovereign

immunity and failure to state a claim.

## Law and Analysis

### Motions to Remand, Dismiss Negi and Substitute USA

The Westfall Act affords immunity from liability and suit to federal employees who were acting within the scope of their employment at the time the alleged wrongful act(s) occurred. 28 U.S.C. §2679; <u>Osborn v. Haley</u>, 549 U.S. 225, 238 (2007) (citations omitted). The act also provides the basis for removal and substitution of parties when the Attorney General certifies scope of employment.

> **Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose**, any civil action or proceeding commenced upon such claim in a State court **shall be removed** without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding **shall be deemed to be an action or proceeding brought against the United States** under the provisions of this title and all references thereto, **and the United States shall be substituted as party defendant.** This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

28 U.S.C. §2679(d)(2). (Emphasis added).

The Attorney General for the Western District of Louisiana provided a certification that at all times relevant to the claims set forth in the plaintiffs' petition, Negi was within the course and scope of her employment with the United States Department of

Veterans Affairs. This certification provides the jurisdictional basis for removal. <u>Id.</u>; <u>Osborn</u>, 549 U.S. at 241-42. Thus, this case may not be remanded. Instead

Additionally, the Westfall Act clearly states that once the certification is issued and removal is made, the United States must be substituted as the proper party and the claims against the employee dismissed. 28 U.S.C. §2679(d)(2). See also, <u>Osborn</u>, 549 U.S. at 238-39, quoting <u>Mitchel v. Carlson</u>,896 F.2d 128, 133 (1990).

<u>Motion to Dismiss the Commonwealth, Harp and Powers</u>

<u>Sovereign Immunity</u>

In <u>Floyd Hamilton v. The Commonwealth of Virginia</u>, 1:12-cv-671, this court dismissed an action brought by Floyd Hamilton III against the Commonwealth due to lack of jurisdiction. Specifically, the court found the Commonwealth did not waive its sovereign immunity and, therefore, it could not be sued in this court.

In the instant case, the result is the same. The Commonwealth has not waived its sovereign immunity and the asserted claims cannot be brought against it in this court. For the reasons set forth in <u>Floyd Hamilton v. The Commonwealth of Virginia</u>, 1:12-cv-671 I recommend dismissal of all claims against the Commonwealth for lack of jurisdiction.

<u>Personal Jurisdiction</u>

The plaintiffs carry the burden of making a *prima facie* showing that the defendants have meaningful contacts with the forum state. Luv N' Care, Ltd. v. Insta-Mix, Inc., 438 F.3d 564, 469 (5th Cir. 2006), quoting Wyatt v. Kaplan, 686 F.3d 276, 280 (5th Cir. 1982). The court may consider the entire record, but plaintiff's allegations in the complaint must be taken as true unless controverted by affidavit. Where conflicts exist, resolution must be made in favor of the plaintiff. See Revell v. Lidov, 317 F.3d 467, 469 (5th Cir.2002), quoting Alpine View Co., Ltd. v. Atlas Copco AB, 205 F3d 208, 215 (5th Cir. 2000).

Plaintiffs fail to assert a single fact in their petition regarding personal jurisdiction over the nonresident defendants. In their opposition to the motion to dismiss (Doc. 19), they contend the court has specific jurisdiction over Harp and Powers[1] because they granted a Virginia medical license to Negi in 2003 and then renewed it despite the fact they knew she was committing acts of medical malpractice in Louisiana.

It is well settled that a plaintiff's or a third party's unilateral activities cannot establish the minimum contacts between the nonresident defendant and the forum state. Hydrokenetics, Inc. v. Alaska Mechanical, Inc., 700 F.2d 1026 (5th Cir. 1983), quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958). To establish personal

---

[1] Plaintiffs allege Harp was the Executive Director of the Virginia Medical Board at the time Negi was issued a license and Powers was the Deputy Executive Director at the same time.

jurisdiction, the nonresident defendants must have intentionally taken advantage of the ability to conduct activities in Louisiana; thereby, invoking the benefits and protections of Louisiana law.

Plaintiffs have not alleged facts which indicate Harp and/or Powers purposefully directed actions at Louisiana. The license they issued to Negi was a Virginia license, issued by the Commonwealth of Virginia, in Virginia, subsequent to the filing of an application in Virginia and the undertaking of review by Virginia, in Virginia. Activities undertaken in Louisiana were done by Negi unilaterally as neither Harp nor Powers directed Negi's actions or inactions. Further, there is simply no indication by plaintiffs that someone who issued a license in one state could presume that they could be haled into court in a completely different state. Accordingly, I recommend all claims against Harp and Powers be dismissed for lack of jurisdiction.

<u>Failure to State a Claim</u>

In light of the foregoing findings that this court lacks jurisdiction over the Commonwealth, Harp or Powers, their arguments regarding failure to state a claim will not be addressed.

Accordingly,

**IT IS RECOMMENDED** that the motion to dismiss an improper party and substitute the proper party (Doc. 9) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the motion to remand (Doc. 6) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the motion to dismiss the Commonwealth, Harp and Powers (Doc. 13) be **GRANTED** for lack of jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this _____ day of May, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE