RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/17/14

c

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| FLOYD HAMILTON III, et al. | DOCKET NO:1:13-cv-00041 |
|---|---|
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| SHIVANI NEGI, et al. | MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court are various motions filed by both parties in this matter. Among the motions are plaintiffs' motion for new trial (Doc. 29) and the defendants' motion to dismiss (Doc. 25) and motion for summary judgment (Doc. 35). All three motions have been referred to the undersigned for report and recommendation. The deadlines for filing oppositions and replies have run; thus, the motions are ripe for consideration.

Background

On November 26, 2012, plaintiffs, Floyd Hamilton III, individually and on behalf of the Estate of Floyd Hamilton II, Rogetta Odhams, individually and on behalf of the Estate of Barbara A. Levine, Jessie Gray, Ruth Johnson, individually and on behalf of the Estate of Clinton C. Johnson, and Jessie Lee Wade, individually and on behalf of her son, Michaels Sampson ("plaintiffs") filed a "Petition for Wrongful Death and Survival Damages and Request for Medical Records Under LRS 40:1299.96" in the Ninth Judicial District Court for the Parish of Rapides, State of Louisiana, bearing case number 246,073.

The named defendants were Shivani Negi, M.D. ("Negi"), the Commonwealth of Virginia ("Virginia"), William Harp ("Harp") and Ola Powers ("Powers").

On January 8, 2013, the United States, on behalf of Negi, removed the matter to this court pursuant to 28 U.S.C. §1446(a)(1) as it was an action against the United States or an officer thereof. Plaintiff responded on February 8, 2013 by filing a motion to remand (Doc. 6) and arguing the suit was against Negi in her individual capacity for fraudulent conduct undertaken prior to her employment with the Department of Veteran Affairs ("VA").

On February 11, 2013, the United States filed a motion to dismiss Negi and substitute the United States as a proper party (Doc. 9). Accompanying the motion was a certification by the United States Attorney for the Western District of Louisiana stating Negi was in the course and scope of her employment at all times relevant to the acts complained of in the petition for damages ("certification"). (Doc. 9-3). On February 27, 2013, Virginia, Harp and Powers filed their own motion to dismiss (Doc. 12) arguing lack of personal jurisdiction, sovereign immunity and failure to state a claim.

I issued a report and recommendation regarding these three motions on May 13, 2013 and I recommended the motion to remand be denied and the motion to dismiss Negi and substitute the United States be granted (Doc. 24). In support, I cited the Westfall Act, 28 U.S.C. §2679, as it required the court substitute the United States as a proper party. I also recommended the dismissal of plaintiffs' claims

against Virginia, Harp and Powers as Virginia had not waived sovereign immunity and the plaintiffs had not established *in personam* jurisdiction.

On May 14, 2013, the United States filed a motion to dismiss for failure to state a claim (Doc. 25).  In it, the United States argued plaintiffs' claims should be dismissed because (1) principles of *res judicata* and collateral estoppel applied, (2) the claims were prescribed, and/or (3) the plaintiffs failed to exhaust their administrative remedies.  Additionally, the United States argued plaintiffs failed to state a claim for fraud.

On June 4, 2013, the district judge adopted the aforementioned report and recommendation and ordered the claims against Negi dismissed and the United States substituted as a party.  He further ordered all claims against Virginia, Harp and Powers dismissed (Doc. 27).

Thereafter, plaintiffs filed a motion for new trial[1] (Doc. 29) arguing the court erred when it applied the Westfall Act, did not remand the case and failed to recognize the case arose out of conduct occurring prior to Negi's employment with the VA.  Plaintiffs also asserted arguments that the court erred in dismissing Virginia, Harp and Powers.  They argued the Louisiana long arm statute provided jurisdiction over a non-resident defendant and Virginia's failure to object to removal resulted in the waiver of sovereign immunity.

---

[1] Plaintiffs failed to file an objection to the report and recommendation due to an error in calendaring the deadline.  Instead, they filed the motion for new trial.

On September 3, 2013, the United States filed a motion for summary judgment (Doc. 35) arguing no genuine issue of material fact existed with respect to plaintiffs' fraud claim.

## LAW AND ANALYSIS

<u>Motion For New Trial</u>

Plaintiffs timely filed a motion for new trial requesting the aforementioned judgment be altered or amended. A motion filed under Federal Rule of Civil Procedure 59(e) should be granted only when it demonstrates a manifest error of law or fact or presents newly discovered evidence. <u>Templet v. HydroChem, Inc.</u>, 367 F.3d 473, 479 (5th Cir.2004). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." <u>Id.</u>, citing <u>Simon v. United States</u>, 891 F.2d 1154, 1159 (5th Cir.1990).

The arguments set forth in the motion for new trial, with the exception of Virginia waiving sovereign immunity, are not new and they need not be considered. However, because the plaintiffs are now proceeding *pro se* and the prior report and recommendation did not contain the detail generally provided to *pro se* litigants, I will explain the findings again.

Plaintiffs argue the United States was improperly substituted as the proper party because the fraudulent acts undertaken by Negi occurred prior to her employment with the VA in Louisiana. To state a claim for fraud under either Louisiana or Virginia law, one must establish: (1) a misrepresentation, (2) intended to mislead another, (3) relied upon by the mislead party (4) which resulted in damage.

Louisiana Civil Code article 1953; Abbott v. Equity Group, Inc., 2 F.3d 613, 624 (5th Cir.1993) (citations omitted); Nationwide Mut. Ins. Co. v. Hargraves, 242 Va. 88 (Ca. 1991), citing Spence v. Griffin, 236 Va. 21, 28-29 (1988); National Airlines, Inc. v. Shea, 223 Va. 578, 583 (1982). Thus, to state a cause of action for fraud, plaintiffs would need to allege Negi intentionally misrepresented a material fact to them and they relied upon the misrepresentation to their detriment.

Plaintiffs' allegations of fraud do not involve Negi making any alleged misrepresentations to them. Instead, they allege Negi "obtained her license through a lack of honesty and purposeful misrepresentation. … Negi failed to completely and accurately disclose her misconduct in Maryland and the revocation from Florida." None of the allegations include Negi misrepresenting anything to the plaintiffs. Rather, the misrepresentation was made to the Virginia Board of Medicine during a time plaintiffs neither knew, nor knew of, Negi. Accordingly, the fraud claim should be dismissed.[2]

Without a claim for fraud, the plaintiffs are left with nothing but tort claims for Negi's negligent treatment of patients while practicing medicine as an employee of the VA. Such actions must be asserted against the United States and not the defendant employee. The Westfall Act, 28 U.S.C. §2679(d), ensures the United States is substituted as the proper party and insulates employees from the time

---

[2] Plaintiffs lack standing to assert a cause of action for fraud. "A litigant generally must assert his or her own legal rights and interests and cannot rest a claim to relief on the legal rights or interests of third parties." Ward v. Santa Fe Independent School Dist., 393 F.3d 599, 606 (5th Cir. 2004) citing Warth v. Seldin, 422 U.S. 490, 499 (1975).

and expense of litigation. §2679(d)(1)and(2). Thus, the dismissal of Negi and substitution of the United States is proper.

The Westfall Act also mandates the lawsuit remain in the United States District Court. <u>Osborn v. Haley</u>, 549 U.S. 225, 243-44 (2007); <u>Garcia v. U.S.</u>, 88 F.3d 318, 329-330 (5th Cir.1996). According to subpart (d)(2), certification "shall conclusively establish scope of office or employment for purposes of removal" and federal court review of the certification is precluded. Thus, the court did not err in denying the motion to remand.

Plaintiffs' argument that Powell and Harp have sufficient ties to Louisiana for purposes of *in personam* jurisdiction also fails. First, the federal courts have their own rules of civil procedure to determine if minimum contacts exist between the court and the out of state defendant to establish *in personam* jurisdiction. Louisiana's long arm statute and rules of procedure are inapplicable.

Second, the plaintiffs bear the burden of proving *in personam* jurisdiction. Plaintiffs failed to set forth any contacts Powell and Harp had with Louisiana in their complaint. *In personam* jurisdiction was first addressed in their motion to dismiss and now in their motion for new trial.

Plaintiffs claim the act of issuing and/or renewing a license is sufficient to establish minimum contacts and confer jurisdiction but these are unilateral acts. Neither Harp nor Powell directed Negi to seek or obtain employment in Louisiana and they certainly did not direct her actions with respect to practicing medicine. As plaintiffs

still cannot establish the necessary contacts and *in personam* jurisdiction, dismissal of Powel and Harp is proper.

The plaintiffs' only new argument is that Virginia waived sovereign immunity when it failed to object to removal. Plaintiffs cite the Supreme Court case of <u>Wisconsin Dept. of Corrections v. Schacht</u>, 524 U.S. 381 (1998) in support of their contention; however, their reliance on the case is misplaced. The statement upon which plaintiffs rely is dicta found in the concurring opinion. The actual holding of the case is: "[a] State's proper assertion of an Eleventh Amendment bar after removal means the federal court cannot hear the barred claim. But that circumstance does not destroy removal jurisdiction over the remaining claims in the case before us. A federal court can proceed to hear those other claims, and the District Court did not err in doing so." <u>Id.</u> at 392-393.

There is no merit to plaintiffs claim that Virginia waived its sovereign immunity so dismissal of claims against it is proper.

<u>Motion for Summary Judgment</u>

Even if plaintiffs could state a fraud claim, the evidence submitted by the United States proves Negi did not fraudulently obtain her medical license. Virginia's Department of Health Professionals received a complaint from Louisiana Congressman Charles W. Boustany, Jr. M.D. about unethical conduct undertaken by several individuals. The only individual who was licensed by the Virginia Board was Negi. The complaint was based upon information provided by Boustany's

constituent, Mr. Paul Labbe[3] and alleged Negi fraudulently obtained her medical license from Virginia by intentionally omitting information on her application.

Boustany alleged Negi failed to provide information regarding the denial of licensure by the State of Florida and provided a copy of a letter sent by the Florida Board of Medicine providing notice to Negi of its intent to deny her a medical license. Officials in Virginia reviewed this letter and determined it was not a denial of licensure, as alleged, but a letter notifying Negi that she could avoid a formal denial of licensure by withdrawing her application within 14 days. To ensure Negi complied with terms of the letter, Virginia contacted Chandra Prine of the Florida Board of Medicine who confirmed Negi withdrew her application in a timely manner and a formal denial was not issued.

The complaint and information obtained from Mrs. Prine was turned over to Virginia's Enforcement Division of the Department of Health Professionals for a formal investigation. The results of that investigation were presented to the Virginia Board who ultimately concluded "Dr. Negi was not obligated to report her 'withdrawal' to the Board, and so she did not commit 'licensure fraud'." Accordingly, Virginia closed the matter on March 2, 2012. (Docs. 35-3, 35-4).

Despite the investigation and formal finding by Virginia, the plaintiffs continue to insist Negi obtained her medical license through fraudulent means. However, they fail to provide any evidence

---

[3] Mr. Labbe leads a veteran's advocacy group and assisted various litigants in the filing of claims against the VA and Negi.

which undermines or contradicts the findings of the Virginia Board. Accordingly, the motion for summary judgment should be granted.

Motion to Dismiss

The only claims arguably remaining are the plaintiffs' tort claims.[4] To the extent plaintiffs assert any tort claims against the United States, they should be dismissed.

Johnson, Odhams and Gray voluntarily abandoned their tort suits in their prior litigation. See Bertha Hamilton, et al. v. Shivani Negi, et al., 1:10-cv-00664; Gray, et al. v. Negi, et al., 1:09-cv-02105; Gray v. Negi, et al., 1:10-cv-00796; Johnson v. Negi, et al., 1:10-00832; Odhams v. Negi, et al., 1:10-cv-00798. The fact that a plaintiff voluntarily abandoned a theory of liability prior to the district court's judgment on the merits does not afford plaintiff the opportunity to resurrect that theory in a subsequent suit. See Maher v. GIS Lumonics, Inc., 433 F.3d 123, 126 (1st Cir.2005); Banks v, Int'l Union Electronic, Electrical, Technical, Salaried and Machine Workers, 390 F.3d 1049, 1052 (8th Cir. 2004).

Previously, the court construed Johnson, Odhams and Gray's claims as medical malpractice claims but they objected to the categorization and insisted the claims were claims under Bivens. Based on their objection, the court noted the plaintiffs knowingly and voluntarily abandoned their malpractice claims. If plaintiffs seek to resurrect these tort claims, it is too late. This court dismissed the same claims asserted here, with prejudice. Thus, the doctrine of *res*

---

[4] Arguably, because plaintiffs insist this lawsuit does not assert any such claims.

*judicata* precludes plaintiffs from asserting them again. Additionally, Johnson, Odhams and Gray failed to present the claims to the Department of Veterans Affairs and exhaust administrative remedies so this court lacks jurisdiction.

Wade's tort claim was not waived but the court found he did not exhaust his administrative remedies and dismissed the claims with prejudice. <u>Wade v. Negi, et al.</u>, 1:10-cv-00799. Thus, *res judicata* would also apply to preclude the re-filing of these claims.

The only remaining claim is Hamilton's malpractice claim which he previously asserted in case number 1:09-cv-00860. The district judge dismissed the claim with prejudice after finding Negi did not breach the standard of care when treating Hamilton's father. However, Hamilton appealed the judgment and that appeal is currently pending.

<u>Conclusion</u>

Based on the foregoing,

IT IS RECOMMENDED that plaintiffs' motion for new (Doc. 29) trial be DENIED.

IT IS FURTHER RECOMMENDED that defendant's motion for summary judgment (Doc. 39) and motion to dismiss (Doc. 25) be GRANTED and the plaintiffs' fraud claim and the tort claims of Johnson, Odhams, Gray and Wade be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections

within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this 16th day of June, 2014.

_____
James D. Kirk
UNITED STATES MAGISTRATE ~~JUDGE~~

11